IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                     No. CR 09-3206 JB

ANTONIO RODRIGUEZ-HUERTA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed January 19, 2011 (Doc. 80). The Court held a sentencing hearing on January 26, 2011. The primary issue is whether the Court should vary from the advisory guideline range, and sentence Defendant Antonio Rodriguez-Huerta to a sentence of time-served, because Rodriguez-Huerta did not know that he was in possession of a stolen firearm. Because the Court agrees that a time-served sentence reflects the factors in 18 U.S.C. § 3553(a), and such a sentence amounts to a sentence at the high end of the advisory guideline range if the Court does not include the enhancement for possession of a stolen firearm, the Court grants Rodriguez-Huerta's request for a time-served sentence.

**FACTUAL BACKGROUND**

Rodriguez-Huerta is a forty-five year old Mexican national with nine years of formal education and no specialized training. See Sentencing Memorandum at 1. He came to the United States of America from Juarez, Chihuahua, Mexico when he was twenty years old and has been in the United States since his entry. See id. He and Rosalves Munoz-Duran have been in a committed relationship for the past fifteen years. See id. They have five children, ranging in ages from ten to twenty-eight years old. See id.

Because of his lack of education and training, Rodriguez-Huerta has had to find jobs doing manual labor -- washing dishes, cooking, and construction. See id. For the past few years, he has been selling tacos and burritos from a mobile trailer that he owns with Munoz-Duran. See id.

Rodriguez-Huerta did not, at the time of his arrest, think that it was against the law for him to possess a firearm in the United States. See Sentencing Memorandum at 2. Rodriguez-Huerta inherited the firearm that is the subject of the offense before the Court from his father-in-law. See Sentencing Memorandum at 2. He never used the firearm. See id. When the New Mexico State Police searched Rodriguez-Huerta's house, the officers asked him whether he had any firearms. See id. He responded that he did have a firearm, and he showed the officers where he kept the firearm that he later learned was stolen. See id.

## PROCEDURAL BACKGROUND

On November 9, 2010, Rodriguez-Huerta pled guilty to being an alien illegally present in the United States knowingly possessing a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). See Plea Agreement, filed November 9, 2010 (Doc. 77). Rodriguez-Huerta admitted in his plea agreement that he possessed a stolen firearm, but the plea agreement stipulated that Plaintiff United States of America would not introduce evidence that the handgun was stolen. On January 13, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report for Rodriguez-Huerta. See Presentence Investigation Report (disclosed January 31, 2011)("PSR"). While the USPO thought that the 2-level enhancement for possession of a stolen firearm should apply, it deferred to the plea agreement, and calculated Rodriguez-Huerta's offense level as 12 and his criminal history category as I, establishing a guideline imprisonment range of 10 to 16 months. See PSR ¶¶ 22, 25, at 6, 7. The PSR calculates that Rodriguez-Huerta's custody credit is 483 days through February 11, 2011. See PSR at 1. This period of time amounts to approximately 16

months. On January 19, 2011, Rodriguez-Huerta submitted a Sentencing Memorandum to assist the Court in fashioning a fair and just sentence. See Doc. 80. Rodriguez-Huerta asked the Court for a time-served sentence. See Sentencing Memorandum at 2.

At the sentencing hearing, the Court found by a preponderance of the evidence that Rodriguez-Huerta possessed a stolen firearm and applied the 2-level enhancement, establishing an advisory guideline range of 15 to 21 months. Neither party opposed the Court's application of the 2-level enhancement, as long as the Court varied to a time-served sentence.

## ANALYSIS

A time-served sentence reflects the factors in 18 U.S.C. § 3553(a). The facts of this case mitigate the seriousness of the offense. Rodriguez-Huerta inherited the firearm after his father-in-law's death. Rodriguez-Huerta never used the firearm, and did not think, at the time of his arrest, that it was against the law for him to possess the firearm. When the police asked Rodriguez-Huerta whether he had any firearms, he told the police that he did, and showed the officers where he kept it. A time-served sentence effectively amounts to a sentence at the top of the advisory guideline imprisonment range of 10 to 16 months if the Court does not add the time for the stolen-gun enhancement, because, at the time of the sentencing hearing, Rodriguez-Huerta will have been in custody for 483 days. Because a time-served sentence amounts to a sentence effectively at the high-end of the guideline range without the enhancement, the Court believes that such a sentence reflects the seriousness of the offense, promotes respect for the law, affords adequate deterrence, protects the public, and provides just punishment for the offense. The Court therefore concludes a sentence of time served fully and effectively reflects the factors in 18 U.S.C. § 3533(a). And while the Court's task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir.

2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence balances the factors in 18 U.S.C. § 3553(a) appropriately and is a reasonable sentence.  The Court will sentence Rodriguez-Huerta to a sentence of time served.

      **IT IS ORDERED** that the request for a time-served sentence in the Defendant's Sentencing Memorandum is granted.

                                                                   _____
                                                                     UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Norman Cairns
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Mario A. Esparza
Las Cruces, New Mexico

      *Attorney for the Defendant*