# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Antonio Rodriguez-Huerta** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR03206-001JB** |
| | USM Number: **48812-051** |
| | Defense Attorney: **Mario Esparza, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(5); 18 U.S.C. Sec. 924(a)(2) | Alien in Possession of Firearms and Ammunition | 10/16/2009 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 26, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 31, 2011**
Date Signed

Defendant: **Antonio Rodriguez-Huerta**
Case Number: **1:09CR03206-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **467 days or time served, whichever is less** .

**The Court recommends that Immigration and Customs Enforcement begin immediate removal proceedings.**

**The Court incorporates its Memorandum Opinion and Order in United States v. Rodriguez-Huerta, filed January 27, 2011 (Doc. 82). The Court will accept the plea agreement in this case. The Court finds by a preponderance of the evidence that Defendant Antonio Rodriguez-Huerta possessed a stolen firearm, because Rodriguez-Huerta admitted as much in his admission of the facts in the plea agreement. The Court having found by a preponderance of the evidence that the firearm was stolen, the Court will make the 2-level stolen firearm enhancement to Rodriguez-Huerta`s offense level, as set forth in U.S.S.G. § 2K2.1(b)(4). After the 2-level enhancement, Rodriguez-Huerta`s offense level is 14. The Court has considered and reviewed the Presentence Investigation Report ("PSR") and its factual findings with care. There not being any objections to those, the Court will adopt those as its own, with the exception of the one change the parties and the Court made to paragraph 3 on page 3 at the hearing, where the Court added "the defendant" when the paragraph said United States but left out "the defendant," and the change the Court has made to the sentencing guideline applications as a result of its application of the 2-level stolen firearm enhancement to Rodriguez-Huerta`s offense level. The Court has considered the factors set forth in 18 U.S.C. § 3553(a). Rodriguez-Huerta`s offense level is 14, and his criminal history category is I, establishing a guideline imprisonment range of 15 to 21 months. The Court has considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that is set forth in the guidelines is not appropriate for this sort of offense. The Court has also considered the kinds of sentences and ranges that the guidelines establish. The Court believes that a sentence of time-served reflects the seriousness of the offense, is adequate to promote respect for the law, and provides more just punishment than would one reflecting the stolen firearm enhancement, even though the Court believes that the stolen firearm enhancement is correctly applied and used here. A sentence of time-served would be approximately the high end of the guidelines range of 10 to 16 months, if there were no stolen-firearm enhancement. The Court notes that Rodriguez-Huerta never used the firearm, did not think at the time of his arrest that it was against the law to have the firearm, and that Rodriguez-Huerta inherited the firearm, and was quick to show the police officers the firearm when they asked him if he had any firearms in his home. The Court believes that, under these circumstances, particularly because Rodriguez-Huerta inherited the firearm, there is no good reason to have the sentence reflect the stolen firearm enhancement. The Court believes that the time-served sentence, of 467 days, is adequate to afford deterrence, both at the specific level and at the general level. The Court believes that the sentence protects the public. Rodriguez-Huerta has no history of crimes involving actual violence. Moreover, a time-served sentence of this length otherwise fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence is more reasonable than a sentence in the guideline range of 15 to 21 months. The Court concludes that this time-served sentence of 467 days is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.**

☐    The court makes the following recommendations to the Bureau of Prisons:


☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
       ☐    at   on
       ☐    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       ☐    before 2 p.m. on
       ☐    as notified by the United States Marshal

☐   as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:09-cr-03206-JB   Document 85   Filed 01/31/11   Page 3 of 6

Defendant: **Antonio Rodriguez-Huerta**
Case Number: **1:09CR03206-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Antonio Rodriguez-Huerta**
Case Number: **1:09CR03206-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Antonio Rodriguez-Huerta**
Case Number: **1:09CR03206-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A        ☐    In full immediately; or

B        ☐    $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest to a Colt Lawman, .357 Magnum caliber, revolver, serial number J57532, 50 rounds of .357 ammunition; and 13 rounds of Winchester ammunition.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.